## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| COREAL L. BRYANT, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.: _____ |
| STEED LOGISTIC INC; HARPINDER TATLA; and FENCHURCH GENERAL INSURANCE COMPANY, | |
| Defendants. | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Steed Logistic Inc. ("Steed Logistic"), Harpinder Tatla ("Tatla"), and Fenchurch General Insurance Company ("Fenchurch") (Steed Logistic, Tatla, and Fenchurch are collectively herein referred to as "Defendants") hereby remove the civil action now pending in the State Court of Fulton County, Georgia under Civil Action No. 24EV005937, styled as *Coreal L. Bryant v. Steed Logistic Inc, Harpinder Tatla, and Fenchurch General Insurance Company* (the "State Court Action"), to this Court without waiver of personal jurisdiction, sufficiency of service of process, or sufficiency of process, and respectfully shows this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1.      On July 5, 2024, Plaintiff Coreal L. Bryant ("Plaintiff') filed her Complaint against Defendants in the State Court Action, the subject of which is a motor vehicle accident that allegedly occurred on July 26, 2023, in Bryan County, Georgia. (Complaint at ¶ 26). Attached hereto as **Exhibit "1"** are true and correct copies of the Complaint and all other filings of record in the State Court Action.

2.      On July 5, 2024, the Clerk of the State Court of Fulton County issued Summonses for Plaintiff to serve upon Defendants. (*See* Exhibit 1).

3.      As of the date of this Notice of Removal, Plaintiff has yet to effectuate service upon any of the Defendants. By filing this Notice of Removal, Defendants do not waive their right to personal jurisdiction, service of process, or sufficiency of process. Defendants also reserve the right to assert any defenses and objection to which they may become entitled.

4.      Pursuant to 28 U.S.C. § 1446(a), attached hereto all process, pleadings, and other documents filed in this State Court Action. (*See* Exhibit "1")

## COMPLETE DIVERSITY EXISTS

5.      Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants.

6.      Plaintiff is a citizen of the State of Georgia. (Complaint, ¶ 3).

7.    Defendant Tatla is a citizen of Canada. (Complaint, ¶ 4).

8.    Defendant Steed Logistic is a foreign corporation organized under the laws of Canada with its principal place of business located at 1310 Steeles Ave, Brampton, ON  L6T 1A2. (Compl. ¶ 10).

9.    Defendant Fenchurch General is a foreign corporation organized under the laws of Canada with its principal place of business located at 55 University Avenue, Suite 1604, Toronto, Ontario, Canada M5J 2H7. (Compl. ¶ 20).

## THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION

10.    The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

11.    The United States Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12.    When determining whether the amount-in-controversy amount has been met, the district court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

13.    "If a plaintiff's complaint pleads damages in excess of $75,000, then the burden on a defendant is light." *General Pump & Well, Inc. v. Martix Drilling*

*Products Co.,* 2009 WL 812340 at * 2 (S.D. Ga. March 26, 2009)(J. Moore). "In such a case, 'a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that plaintiff cannot recover the amount claimed.'" *Id.* (*quoting Mitchell v. Brown & Williamson Tobacco Corp*., 294 F.3d 1309, 1315 (11th Cir. 2002).

14.    Even if the amount was not specified, the amount in controversy here would easily exceeds $75,000.00. "'Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'" *Ramos v. Aetna Life Ins. Co.*, No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

15.    "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

16.    Plaintiff's Complaint alleges she suffered, and continues to suffer, serious and permanent injuries and damages. (Compl. ¶ 38, 57).

17.    Plaintiff's Complaint also alleges damages for lost wages. (Compl. ¶ 61).

18.    Based upon these allegations, Plaintiff's Complaint seeks damages for past and future medical expenses, past and future lost wages, past and future pain and suffering, and mental and emotional pain and suffering. (Compl. ¶ 61).

19.    On February 23, 2024, Plaintiff demanded the policy limit of $1,447,790.00 as full and final settlement and compromise of her bodily injury claims and contended that Plaintiff suffered severe and permanent injuries that required extensive medical treatment.

20.    Plaintiff's demand also more specifically asserted past medical expenses totaling $91,993.63; future medical expenses including costs for anterior cervical discectomy and fusion surgery which Plaintiff asserts in her demand would cost $311,437.00; as well as economic damages in the amount of at least $2,045.00. By Plaintiff's own estimation, his damages are no less than $405,475.63.

21.    Courts have further held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the

court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

## REMOVAL TO THIS COURT IS PROCEDURALLY PROPER

22.    Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the State Court Action is pending.

23.    Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants filed this Notice of Removal prior to being served and/or within thirty days of alleged service.

24.    Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the State Court of Fulton County, Georgia. (*See* **Exhibit "2"**).

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court assume jurisdiction over this matter.

Respectfully submitted this  5th day of August, 2024.

.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
J. Chad Capers
Georgia Bar No. 903500
*Counsel for Defendants*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
lee.washburn@wilsonelser.com
chad.capers@wilsonelser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** by filing it using the Clerk's CM/ECF system and via statutory electronic service to counsel for Plaintiff, addressed as follows:

Trevor E. Brice
Adewale Odetunde
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street N.E., Suite 4010
Atlanta, Georgia 30308
trevor.brice@witheritelaw.com
*Counsel for Plaintiff*

Dated: August 5, 2024.

*/s/ Lawrence Lee Washburn IV*
Georgia Bar No. 562374
*Counsel for Defendants*